## LEONARD HARRINGTON *vs.* PRESCOTT A. THOMPSON & wife.

An action cannot be maintained against a husband and wife on their joint promissory note given for his debt; but upon discontinuance against her, and payment of costs, may be amended and prosecuted against him alone.

ACTION OF CONTRACT against husband and wife on their promissory note, dated April 9th 1856, by an indorsee before maturity of the note and without knowledge of the coverture. The defendants were married after the passage of *St.* 1845, *c.* 208, and before the passage of *St.* 1855, *c.* 364. The wife signed the note with the consent of her husband. The consideration of the note was a chattel sold to the husband. The parties submitted the above case to the judgment of the court.

*H. Williams,* for the plaintiff. A contract by a married woman with the assent of her husband is valid. *Stevens* v. *Beals,* 10 Cush. 291. Story on Notes, §§ 90, 91. 2 Bright on Husband & Wife, 41. Bingham on Inf. & Cov. 181–183.

*T. L. Nelson,* for the defendants. The contract of the wife, during coverture, while living with her husband, not being within *St.* 1845, *c.* 208, is wholly void. *Morse* v. *Toppan,* 3 Gray, 411. *Gerrish* v. *Mason,* 4 Gray, 432. *Stevens* v. *Beals,* 10 Cush. 291. The cause of action against the female defendant failing, the plaintiff establishes no joint contract, and must be nonsuited. 1 Chit. Pl. (6th Amer. ed.) 31.

BY THE COURT. The contract of the wife was made during coverture, and is not within the provisions of *St.* 1845, *c.* 208. No action therefore can be maintained against her on the note. But the plaintiff may discontinue the suit against the wife on payment of costs, and take judgment against the husband. *St.* 1839, *c.* 151, § 2.